ORIGINAL

Name: Chester L. Wayland Fed # 21924-009

Person Identification/Booking No.: #.S.B.I #149/03 Delaware

ADDRESS or PLACE OF CONFINEMENT: P.O. Box # 2000, White Deer, P.A. 17887

```
                    FILED
                    APR 6 2005
                    U.S. DISTRICT COURT
                    DISTRICT OF DELAWARE
```

NOTE: If represented by an attorney;
his name, address & telephone number.

NOTE: It is your responsibility to notify the Clerk
of Court in writing of any change of address.

28 U.S.C. 2241

UNITED STATES DISTRICT COURT

FOR THE ~~WESTERN~~ EASTERN

DISTRICT OF ~~MISSOURI~~ DELAWARE

---

Chester L. Wayland #149/03

FULL NAME (Include name under which you were convicted) **Petitioner**,

VS.

WARDEN: RALPH L. WILLIAMS, M.P.C.J.F
Attorney General Jane Brady

NAME OF WARDEN, (or other authorized person having custody of petitioner) **Respondent**.

CASE No.: 05 - 198
To be supplied by the clerk of the United States District Ct.

CASE No.:
Criminal case under which sentence was imposed.

**PETITION FOR WRIT OF HABEAS CORPUS BY A**

**PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241)**

---

### INSTRUCTIONS READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by the **petitioner**, **under penalty** of **perjury**. You must set forth **CONCISELY** the answer to each question in the proper space on the form. Any statement of **a material** fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that **ONE** separate additional page is permitted in answering Question ~~No. 9~~.

1. Place of detention __F.C.I. Allenwood-Medium. White Deer, P.A. 17887__

2. Name and location of court which imposed sentence _____

   **Indictment was issued by the Superior Court of Delaware Attorney General**

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

   (a) __SUPERIOR COURT OF DELAWARE NEW CASTLE COUNTY;__

   (b) __No.# 0405002007-001   thur # 0405002007-010,__ #0704004356

   (c) __#0704004356, New Castle County Delaware.__

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) __Petitioner was charged and arrianged on/or about May 2004__

   (b) __no trial hearing to date (Fast & Speedy Trial Issues)__

   (c) __NO conviction and/or sentence imposed.__

5. Check whether a finding of guilty was made

   (a) after a plea of guilty _____

   (b) after a plea of not guilty __Enter Plea of (NOT-GUILTY)__

   (c) after a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by
   
   N/A

   (a) a jury _____

   (b) a judge without a jury _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

   i. _____ N/A _____

   ii. _____

   iii. _____

   (b) the result in each such court to which appealed:

   i. _____

   ii. _____ N/A _____

   iii. _____

   (c) the date of each such result:

   i. _____

   ii. _____ N/A _____

   iii. _____

   (d) if known, citations of any written opinions or orders entered pursuant to such results:

   i. _____ N/A _____

   ii. _____

   iii. _____

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

   a. The Petitioner herein asserts claims of 6th, 14th to Fast & Speedy Trail, under (IDA) Indictment and charges imposed by the state of Delaware, New Castle County. In violation of Peitioners Constitutional Rights, to Fast & Speedy Trail,,

(c)

10/ State concisely and in the same order the facts which
support each of the grounds set out in (9):

(a) PETITIONER HAD RIGHT TO FAST & SPEEDY TRAIL ,WHEN
HE ASSERTED AND SUBMITTED (HAND-WRITTEN)PRO-SE
MOTION FOR FAST & SPEEDY TRAIL LESS THAN (60) DAYS
AFTER INDICTMENT AND CHARGE.........

(b) PETITIONERS FAST & SPEEDY TRAIL RIGHTS WERE VIOLATED
WHEN , STATES ATTORNEYS GENERAL FAILED TO SHOW CAUSE
THAT WITHIN (180) DAYS ANY REASONS WHY THE PETITIONER
WAS NOT BRONG BEFORE COURT FOR TRIAL PROCEEDINGS,WITH
-OUT GOOD-FAITH CAUSE, UNDER (IDA) PROVISIONS.........

(c) PETITIONER HAS A COMPLETE RIGHT TO THE DISMISSAL
OF THE INDICTMENT AND CHARGES AND DETENTION HOLD
FOR RETURN TO REQUESTING STATE, .................

11. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

   N/A

12. If you answered "yes" to (11), list with respect to each petition, motion or application

   (a) the specific nature thereof:

   i.  N/A

   ii. 

   iii.

   (b) the name and location of the court in which each was filed.

   i.  N/A

   ii.

   iii.

   (c) the disposition thereof.

   i.  N/A

   ii.

   iii.

   (d) the date of each such disposition:

   i.  N/A

   ii.

   iii.

    (e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

        i. _____ N/A _____

        ii. _____

        iii. _____

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

    (a)


    (b)

                                N/A


    (c)



14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application:

                                "NO"

-6-

15. If you answered "yes" to (14), identify

    (a) which grounds have been previously presented:

    i. _____N/A_____

    ii. _____

    iii. _____

    (b) the proceedings in which each ground was raised:

    i. _____

    ii. _____N/A_____

    iii. _____

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea: ____"YES"____

    (b) your trial, if any: __CHARGES   STILL PENDING(DEL)__

    (c) your sentencing: ____NONE____

    (d) your appeal, if any, from the judgment of conviction or the imposition of sentence? __N/A__

    (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:
    __PETITIONER FILED MOTION FOR FAST & SPEEDY TRAIL ON 6-1-04__

17. If you answered "yes" to one or more parts of (16), list

    (a) the name and address of each attorney who represented you: __PUBLIC DEFENDERS OFFICE OF DELAWARE__

    i. _____

_____

_____

_____

_____

_____

_____

13. Are you presently represented by counsel? ( ) **Yes** (✓) **No**

    If so, name, address and telephone number_____

    _____

    Case name and court_____

    _____

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?

    ( ) **Yes** (✓) **No**

**WHEREFORE,** petitioner that the court grant petitioner relief to which he may be entitled in this proceedings,

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state ) under penalty of perjury that the foregoing is true and correct.

Executed on ___8/15/05___
(Date)

_____
Signature of Petitioner

"DEFENDANTS STATEMENTS OF FACTS "

!. On the date of  4-6-04    the defendant ; Chester L. Woulard, was arrested , and charged with (1). Federal Supervison vioaltions from the state of Wilmington, Delaware; also the defendant was charged with a warrant that had been issued by NewCastle County,for the arrest of the defendant, for numerous counts of Forgery 2d Degree, and Thief over $1000.00 dollars,

2. The defendant was arrested in Dallas Texas, on the date of April 6th 2004, and did not fight extradiction of the offenses charged,both Federal and State.

3. On and about the month of April 2004, the defendant received notice that the U.S.Marshal Service would have the defendant transfered back to the jurisdiction of Wilmington Delaware to answer all offenses State and Federal.

4. In the same month of April 2004, around (2)two-weeks later, the defendant arrived in the State of delaware, and was formally given notice that warrants for his arrest were being sought by New Castle County, for the indicate! offense, and that the defendant was also being held for additional charges by the U.S.Marshal Services.

5. On or/about the month of May 2004, the defendant was taken to the Vedeio- Court , at M.P.C.J.F., Howard Young Correstional Center, and was formally requested to enter a plea on the offenses,before the Court of New Castle County.

6 At the time of the"Arrainment-Hearing" the defendant was under the custody of the New Castle County, and Wilmington, and the charges were read and the defendant (Plead-Not-Guilty) to all offenses, and bail wsa imposed against the defendant in amount of over $30,000,00 dollars. The defendant was represented by the Wilmington Public Defenders Office after being interviewed and determined that the defendant was unable to-

cont,(6)- pay the bail that the court set,against him for the pending offense,in which were imposed by New Castle County, and Wilmington del.

7. In the same month of May 2004, while the defendant was being detained at the M.P.C.J.F. Howard Young Correctional Center, un-able to post bond the New Castle State Police , charged the defendant with additional offen -ese, and bail was re-imposed again,for the additional charges at over $40,000,oo dollars.

8. On the date of May____ 2004, the defendant was taken to the United States District Court, from his place of confinement ,M.P.C.J.F.Howard Young Correctional Center, and arraigned for the offenses for the Federal offenses , for Violation of Supervision, and the defendant was retruned by c/o to the custody of M.P.C.J.F.

9. While the defendant was at M.P.C.J.F. he gave "notice" to the Inmate records dept, and informed them that he had entered a (Plea) of gulity to the Federal Offenses, and that he wanted to take care of all of the charged and un-charged offense that were being sought by the State of Delaware.

10. On and about the month of May 19 2004, the defendant was returned back to the federal district court house for sentencing, and the defendant received a (1) One year sentence. The defendant under representation of Federal Appointed Counsel, stated to the court that the defendant had outstanding charges still pending with New Castle County authorities and that he wish to handle that matter before serving his federally imposed sentence,

11. On the same date of the defendants Federal imposed sentence the U.S. Marshal Service transported the defendant,to F.D.C.Philadelphia to start service upon the federal imposed sentence.

12 . On the same date of May 19 2004, the defendant stated to the transpo -rting U.S.Marshals and M.P.C.J.F. Prison Officals that the defendant had informed the Inmate Records Dept , that he wanted to answer to the offenses-

cont, ( 12). - still pending in New Castle County and Wilimington, and the offenses that the New Castle State Police had additionally charged the defendant with, and that he wanted to complete the court proceedings before being taken to the state of Pennsylvania to serve the federal sentence of (1) year.

13. The defendants repeated request not to leave the state of delaware and, the fact that the defendant had a right to have the charges heard went un-excepted by both the State Correctional Officers and the Federa; U.S.Marshals Service and the defendant was taken to F.D.C in Philadelphia and held.

14. On the date of June 1st 2004, the defendant immediately set a Pro-se (Hand-Written) motion to the Clerk of the Superior Court, were the offenses had been moved, stated in laymans terms to the best of the defendants ability his expression of his Rights for a Fast & Speedy Trail on the offenses and the defendant furthered gave the Superior Court Clerks Office "notice " of his change of address.

15. On the date of June 15th 2004 , the defendant while in federal Cust -dy sent a Inmate Request Form, to the records department at F.D.C. in Philadelphia, and requested that they contact Superior Court in Delaware and see when my next court date was and to ensure that they had received my new change of address , and my motion for a Fsst & Speedy Trail.

16. From the date of June 1st 2004, and the defendants additional notice to the Federal Officals regarding the pending offenses in Delaware, no reply was given.

17. On the date of June 6th 2004, the defendant sent another letter to the Clerk of the Superior Court in delaware, and requested a reply ,and copy of a docket sheet so that the defendant could gain information on the status of his hand-written motion for a Fast & Speedy Trail,and the next date that the Court would hear the charges, this request was set with a attached copy of the hand-written motion, with Certificate of Service attached.

18. On and about June 30th or early July 2004, the defendant was again transported to Allenwood-Low in Pennsylvania, to start the service of the (1) year sentence that was imposed on May 19 2004, by the United States District Court.

19. Immediately upon the defendants arrival at F.C.I.Allenwood-Low the defendant sent to the Clerk of the Superior Court of delaware notice of his change of address, dated July 5th 2004, with an additional copy of the defendants hand-written Motion for a Fast & Speedy Trail, again also requesting that the Superior Court Clerks Officer reply to the defendants request for the docket sheet, correspondence dated July 5th 2004, with attached Certificate of Service.

20. The defendant repeated his request with a copy of his hand-written motion for Fast & Speedy trail, to the Attorneys Generals Office of Del, and the Wilmington, Public Defenders Office, all of which had attached Certificate of Service,correspondence dated July 5th 2004

21. On and about July 10th 2004, the defendant requested to his Unit Manager at F.C.I.Allenwood-Low, that he wanted him to please look into the matter of his pending charges in delaware, that he had been arrested and charged and even a Preliminary Hearing had been held, and that the defendant had repeatedly tried to gain a reply from all parties with no results ,since June 1st 2004.

22. The Unit Manager had informed the defendant in the month of July, 2004, that he had to send a (Action-Letter) to the Superior Court,in regards to the pending offenses that were indicated in the defendants file, by the federal officals and letters from the defendant to the F.C.I Allenwood-Low records office, because the defendant could'nt go to the half-way house as long as he had these offenses un-answered to,but he stated that a action letter has been sent to the state of delaware ,for their intent as for as if they would prosue the offenses that they have charged, The Unit Manager stated that this letter had been sent to del around July 10th 2004, and no reply has been received.,

23. On or/about the month of July 30th 2004, the defendant was sent to the Federal Medical Center in Springfield Missouir, F.M.C. to receive medical treatment for his illness of (**CROHN'S DISEASE**), in which the defendant had been suffering with since 1978.

24. Upon the defendants arrival at F.M.C. Federal Medical Center in the State of Missouri, Springfield, he repeated his letters again to the Clerk of the Superior Court with a attached copy of the (Hand-Wriiten) Motion for a Fast & Speedy Trail, and his change of address, the defendant during all correspondence with the Superior Court Clerks Office forwarded a copy under Certificate of Service to the Wilmington, Public Defenders Office and the Attorney Generals Office in Wilmington, with the case numbers of the offense the defendant was corresponding to the Superior Court Clerks which the defendants letter was dated August 31st 2004.

25. On the date of September 3rd 2004, the defendant repeated the request to the Superior Court Clerks office always with an attached copy of the defendants (Hand-Written) Pro-se Motion for a Fast & Speedy Trail, with a attched Certificate of Service to all parties Publice Defenders Office and the Wilmington, Attorneys Generals Office for the Superior Court, from the date of September 3rd 2004, the Court nor the Public Defenders Office, and/or the State of Delawares Attorney Generals office had made no reply.

26. On the date of September 6th 2004, the defendant requested again that the defendant be seen regarding the pending charges in delaware in the Superior Court, The Unit Team in F.M.C.Springfield,Missouri,did state to the defendant again that he can not be affored any Half-way house that he could have gained if the state of delaware would reply to their (Action-Letters) that have been repeatly sent since the defendants incarceration under federal custody, and the Unit team again expreseed that the defendant should attempt again to try and get the officals in the State of delaware to answer your and our the federal officals con-conens regarding the pending charges , the defendant then again gave the officals copies of the Notarizied and copies of the correspondence sent to the court and the Attornet General and Public Defenders office with the Certificate of Service on them with the repeated Motion filed-

cont (26) .copy of the (Hand-Written ) pro-se Motion for a Fast & Speedy trail regarding the pending offenses in delaware.

27. On the date of October 6th 2004, the defendant again repeated his request to the Superior Court Clerks Office and all parties in concern with an additional copy of the Hand-Written) Motion for a Fast & Speedy Trail. Again no reply was gained.

28. On the date of January 5th 2005, the defendant was again transfered to the Federal F.C.I.Allenwood-Medium,from the F.M.C.Springfield MO., to the F.C.I.Medium, upon which the defendants arrival ,the defendant immediately forwarded correspondence to the Clerk of the Superior Court addressed to Chief Clerk of the SUperior Court ,relating the defendants continuing request for a reply to this issue of the pending charges in the Superior Court, and the repeated copy of the defendants Motion for a Fast & Speedy Trail, addressed again to all parties,dated February 4th 2005.

29. Also on the date of February 5th 2005, the defendant sent a letter of correspondence directed to the Chief Justice of the Superior Court requesting that they direct the Superior Court Clerks Office to reply and respond to the defendants coresspondence and Motions since the date of June 1st 2004, wit-h a complete copy of all correspondence sent to the court and the States Attorney Generals Office and the Wilmington Public Defenders Office all with a true and complete copy of all of the "Notarized " and or Certificate of Service attached with the said (Hand-Written) Motion for the Fast & Speedy Trail, sent to them again asking all parties to please respond. dated Febuary 5th 2005.

30. On the date of February___2005, after the defendant again repeated his request to the F.C.I.Allenwood-Medium Records Office regarding them to also send a (Action- Letter) like had been done since ,July 2004 to the Superior Court of Delaware, because of the defendants concerns ,that no reply had been afforded by the Courts Office for almost a year. and that the defendant would be released in about (3) months from the year_

cont, (30).- sentenced that had been imposed by the Federal Court in Wilmington, Delaware, in the month of May 2004.

31. On the date of February 3 2005, the defendant was called to the Inmate Records Dept after his again repeated attempts to have the delaware Superior Court and the Attorney General, and the Wilmington, Public Defenders Office respond to his request for a Fast & Speedy Trail.

32. The defendant, was informed by the Inmate Records Dept , that the State of Delaware had responded to their (Action-Letter) sent around the date of January 19th 2005, which indicated that the defendant was to be held for Failure to Appear, and the indicated charges that the defendant had been charged with in the State of Delaware in May 2004, and that the defendant was to be held, for the authorities upon his release on the date of the full term of the defendants sentence, which was April 6th 2005.

33. The defendant was informed that the InterState Detainers Act would re-charge the defendant ,and further the defendant would'nt be able to argue the warrant until he was re-arrested by the State of Delaware. and or the holding authorities to now answer to the offenses charged in the year of 2004.

34. Since the date of this 8 day of February 2005, the defendant has not received a reply from the Delaware Superior Court and/or the Chief Justice of the Superior Court regarding his many attempts to a Fast & Speedy Trail.

DATED 2-15-05

Mr. Chester L. Woulard# Fed 21924-009
S.B.I. # 149103 State of Delaware No.

# PROOF OF SERVICE

I certify that on ___2/15/05___ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

c/o Clerk
United States District Court
Federal Court Building
844 King Street
Wilmington, Delaware, 19801

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___2/15/05___ (date) for forwarding to the District Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Note: 42 U.S.C. §2241 attached "Certificate of Service"

Dated: _2/15/05_