IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CHESTER L. WOULARD**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-198-JJF |
| | : | |
| **CRAIG APKER**, | : | |
| Warden, FCI Allenwood, | : | |
| and **M. JANE BRADY**, | : | |
| Attorney General of the | : | |
| State of Delaware | : | |
| | : | |
| Respondents. | : | |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In June 2004, a Delaware Superior Court grand jury indicted the petitioner, Chester Woulard, in a nine count indictment which included charges of theft, identity theft, and second degree forgery. (Del. Super. Ct. Indictment by the Grand Jury in ID No. 0405002007). On May 11, 2004, Woulard had been arrested on the charges and a preliminary hearing was scheduled for May 18, 2004. The committing magistrate set secured bail in the amount of $65,000. Woulard, however, was mistakenly released without having posted the $65,000 secured bail. (Court of the Justices of the Peace Commitment order dated May 11, 2004 (Super. Ct. Dkt. Item 1 in ID No. 0405002007); Capias Return dated May 25, 2005 (Super. Ct. Dkt. Item 13 in ID No. 0405002007)); E-Mail from Mark Vavala to Anna Cole dated May 25, 2005 (Dkt. Item 14 in ID No. 0405002007)).

Woulard recounts in detail the circumstances surrounding his presence in Delaware when arrested on the charges in this case. In April 2004, Woulard was arrested in Dallas, Texas for federal supervised release violations from Wilmington, Delaware. Woulard was also charged on a state warrant for charges including second degree forgery and theft. Woulard did not challenge extradition and was returned to Delaware to answer pending state and federal charges. In May 2004, Woulard was returned to the district court and sentenced to one year in prison for violating his supervised release. Woulard in June 2004 was transported to F.C.I. Allenwood to serve the one-year sentence. (D.I. 2 at ¶¶1-34). Upon information and belief, the respondents are unaware of Woulard's present location. The charges against Woulard in the Superior Court remain pending. *See* Super. Ct. Dkt. in ID No. 0405002007 dated October 6, 2005.[1]

Woulard has applied for federal habeas relief and specifies three claims for relief: 1) a violation of the right to a fast and speedy trial that Woulard asserted in a hand-written *pro se* motion for requesting trial within 60 days of the indictment; 2) a violation of the right to a fast and speedy trial because Woulard was not brought to trial within 180 days "under (IDA

---

[1] Upon information and belief, the respondents are unaware of Woulard's present location. See D.I. 2-9 (indicating mail to Woulard was returned to the Clerk of this Court as undeliverable). The respondents note that service will be made upon the address indicated in the Court's docket entry dated June 7, 2005. However, Woulard's failure to provide a current mailing address constitutes an independent basis for dismissing the petition. *See, e.g., Davis v. Dept. of Corrections*, Civ. Act. No. 97-587-RRM (Dec. 16, 1998) (order conditionally dismissing habeas petition for failure to inform the Court of a current address); *Harrington v. Craver*, 2000 WL 1456932 (N.D. Cal. Sept. 22, 2000); *Hierl v. Deangelo*, 1997 WL 204310 (N.D.N.Y Apr. 14, 1997); *Lewis v. Waters*, 1992 WL 368060 (D. Md. Dec. 3, 1992).

(sic)) provisions;"[2] and 3) the "complete right to the dismissal of the indictment and charges and detention hold for return to requesting state." (Petition at ¶10).

Woulard in the petition claims that he was denied his constitutional right to a speedy trial and, presumably, his rights under the UAD. In turn, Woulard seeks relief only in the form of dismissal of the indictment, or in other words, a preclusion of trial on the charges in the state courts. As a general rule, for state prisoners, habeas corpus relief is substantially a post-conviction remedy. *See* 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court judgment . . ."); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *McDowell v. Chesney*, 2004 WL 1376591 at *3 (D. Del. June 17, 2004). Thus, § 2254 applies only to post-trial situations. *McDowell*, *supra* at *3-4 & n. 3; see also *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *Moore*, 515 F.2d at 442. Because Woulard does not challenge his custody "pursuant to the judgment of a State court," his petition is not properly presented under § 2254. Instead, the petition should be considered under 28 U.S.C. § 2241, which applies to pre-trial petitions and empowers a court to issue a writ before judgment is rendered in a state court proceeding. *McDowell*, *supra* at *4 & nn. 2-3 (citing cases). Regardless, although the statutory language of § 2241 and § 2254 differs, there is no distinction as far as the exhaustion requirement is concerned. *See McDowell*, *supra* at *4 & n. 3; *see also Braden*

---

[2]Presumably, Woulard refers in the petition to the Interstate Agreement on Detainers act (UAD). The UAD is a compact among 48 states, the District of Colombia, and the federal government which enables a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him or her on criminal changes. *Reed v. Farley*, 512 U.S. 339, 341 (1994); *see* DEL. CODE ANN. tit. 11, §§ 2540-50.

*v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491-92 (1973); *Moore*, 515 F.2d at 442.

Woulard's claim that he is entitled to dismissal of the indictment in Delaware is unexhausted because he would be able to raise it on direct appeal in the event of a conviction. *See Moore*, 515 F.2d at 444. Thus, Woulard has failed to exhaust any claim in which he seeks preclusion of a trial on the pending charges in Delaware. *E.g., McDowell, supra* at *5; *see Braden*, 410 U.S. at 489-90 (holding habeas relief does not lie to adjudicate the merits of an affirmative defense prior to a judgment of conviction); *Neville v. Cavanagh*, 611 F.2d 673, 675-76 (7th Cir. 1979); *Moore*, 515 F.2d at 444 (same); *Raffone v. Stack*, 425 F. Supp. 345, 347 (D. Conn. 1976) (same). Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). The exhaustion requirement "serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's rights." *Gibson*, 805 F.2d at 138 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982)). Further, a mixed petition which includes both exhausted and unexhausted claims does not satisfy the exhaustion requirement. *Rose*, 455 U.S. at 522; *Gibson*, 805 F.2d at 138. Accordingly, Woulard's habeas petition, in so far as it attempts to preclude a trial in Delaware on the pending charges, must be dismissed.[3] *E.g.*, *Neville*, 611 F.2d at 675-76; *McDowell, supra* at

---

[3] As noted in *Neville*, dismissal would not operate to preclude federal consideration of this claim. Instead, dismissal at this juncture "merely delays such consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" 611 F.2d

*5; *see also Moore*, 515 F.2d at 445-46 (noting Supreme Court's caveat in *Braden* that federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for federal habeas relief, to result in the derailment of a pending state proceeding).

To the extent that Woulard seeks relief in the form of a request for Delaware authorities to bring him promptly to trial under the terms of the IAD, that claim too is unexhausted.[4] Delaware is a party to the IAD. *See* DEL. CODE ANN. tit.11, §§ 2540-50. The IAD provides, in part, that a prisoner of one state who is the subject of a detainer lodged by another state must be brought to trial within 180 days "after he shall have caused to be delivered" to the prosecuting officer and the appropriate court of the latter state a request for final disposition of the charges on which the detainer is based. *Fex v. Michigan*, 507 U.S. 43, 44-46 (1993). Prisoners must strictly comply with IAD requirements for requesting final disposition of charges under the statute to trigger the 180 day clock, and a prisoner has the burden to show that a proper request has been made. *United States v. Tummolo*, 822 F. Supp. 1561, 1563 (S.D. Fla. 1993); *cf. Fex*, 507 U.S. at 47-52; *United States v. Reed*, 910 F.2d 621, 624 (9th Cir. 1990); *Casper v. Ryan*, 822 F.2d 1283, 1290-91 (3d Cir. 1987); *United States v. Smith*, 696 F. Supp. 1381, 1383 (D. Or. 1988). Accordingly, the 180 day time period of the IAD does not commence until the petitioner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him. *Fex*, 507 U.S. at 52.

---

at 676 (citing *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979)).

[4]*Compare McDowell*, *supra* at *3 n.1.

Woulard's various allegations in the petition do not provide a basis for concluding that he has complied with the requirements of the IAD. *See State v. McDowell*, 824 A.2d 948, 951-52 (Del. Super. 2003). Woulard does not allege that he submitted a request for final disposition, on the proper forms, to either the Superior Court or to the prosecuting officer, i.e., the Attorney General. *See generally* D.I. 2. Neither a verbal request to "transporting U.S. Marshals and M.P.C.J.F. Prison Officials" nor a "Pro-se (Hand-Written) motion to the Clerk of the Superior Court" was sufficient to trigger an obligation on the part of Delaware under the IAD. (D.I. 2 at ¶¶ 11-14). *See McDowell*, 824 A.2d at 952 (letters to the Delaware Prothonotary were irrelevant under the IAD). Certainly, a review of the record in this case reveals that Woulard has not properly presented a request under the IAD to the Superior Court. *See* Letter from the Honorable Mary M. Johnston to John S. Edinger, Jr., Esquire dated March 15, 2005 (recognizing Woulard's pro se submissions to the Superior Court did not satisfy the requirements of the IAD); *see generally* Super. Ct. Dkt. in ID No. 0405002007. Accordingly, Delaware prosecutors have no statutory duty to proceed under the terms of the IAD. *See United States v. Dent*, 149 F.3d 180, 186 (3d Cir. 1998); *Caspar v. Ryan*, 822 F.2d 1283, 1292-93 (3d Cir. 1987). Accordingly any claim advanced by Woulard under the IAD too should be dismissed as unexhausted. *See McDowell, supra* at *5.

Conclusion

Based upon the Superior Court docket sheet, it appears that no transcripts of Woulard's hearings have been prepared in the Delaware Superior Court. In the event that the court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown (ID# 3278)
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
e-mail: *ThomasE.Brown@state.de.us*

Date: October 26, 2005

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of this Court, hereby certifies that on October 26, 2005 he caused to be electronically filed a copy of the attached document (Answer) with the Clerk of the Court using CM/ECF. The undersigned also certifies that service on the petitioner appears to be impractical because, based on information and belief, the respondents do not have a current address for the petitioner. However, the respondents will serve a copy of the Answer upon the address indicated in the Court's docket entry dated June 7, 2005:

Chester Woulard
315 Woodlawn Avenue
Wilmington, DE 19805.


/s/
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: October 26, 2005