Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2000 WL 1456932 (N.D.Cal.)
**(Cite as: 2000 WL 1456932 (N.D.Cal.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. California.
Charles HARRINGTON, Petitioner,
v.
Sheriff A. CRAVER, Respondent.
**No. C 00-0862 EDL (PR).**

Sept. 22, 2000.

ORDER OF DISMISSAL

LAPORTE, Magistrate J.

 **\*1** Charles Harrington, an inmate at the Mendocino County Jail, filed a petition for writ of habeas corpus and consented to proceed before a United States Magistrate Judge. Harrington did not pay the $5.00 filing fee or provide an *in forma pauperis* application when he filed this action on March 10, 2000. On that date, the court notified Harrington in writing that the action was deficient due to his failure to pay the filing fee or to file this court's form *in forma pauperis* application. Harrington was advised that failure to pay the fee or file a completed *in forma pauperis* application within thirty days would result in dismissal of the action. The court received a letter from Harrington on March 24, 2000 in which he stated that he had sent the $5.00 filing fee to the court in a separate envelope from the one containing his petition. The court issued an order on June 5, 2000, in which it noted that the fee may never have been sent or may have been lost in the mail but in either event was never received by the court. The envelope containing the June 5, 2000 order was returned to the court on June 12, 2000 as undelivered mail. The returned envelope was stamped "Return to sender--no longer in custody." Harrington has not provided to the court a current address, although he apparently has been out of the county jail for at least three months.

 The Local Rules of the Northern District of California impose a duty on *pro se* litigant to promptly file and serve on all opposing parties a notice of change of address when his or her address changes. Civil L.R. 3-11(a). Local Rule 3-11(b) permits the court to dismiss a complaint without prejudice when "(1) Mail directed to the ... *pro se* party by the court has been returned to the court as not deliverable; and (2) The court fails to receive within 60 days of this return a written communication from the ... *pro se* party indicating a current address." Harrington has failed to keep the court informed of his current address as required by Local Rule 3-11. Although Harrington has filed a habeas petition, rather than a civil complaint, he is subject to Local Rule 3-11. The local rules provide that the Civil Local Rules are applicable to habeas proceedings except to the extent they are inconsistent with the Habeas Corpus Local Rules. *See* Habeas L.R. 2254-2. The Habeas Corpus Local Rules do not contain any rule concerning a notice of change of address that is inconsistent with the Civil Local Rules.

 For the foregoing reasons, the petition is dismissed without prejudice because Harrington has not kept the court informed of his address. The petition also is dismissed for the independent reason that Harrington has not paid the required filing fee or submitted a completed *in forma pauperis* application. The clerk shall close the file.

 IT IS SO ORDERED.

 Not Reported in F.Supp.2d, 2000 WL 1456932 (N.D.Cal.)

 **Motions, Pleadings and Filings (Back to top)**

• 3:00CV00862 (Docket)
(Mar. 10, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.