Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1997 WL 204310 (N.D.N.Y.)
**(Cite as: 1997 WL 204310 (N.D.N.Y.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Russell James HIERL, Petitioner,
v.
Geno DEANGELO, Sheriff of Broome County and Philip Coombe, Commissioner of New York State Department of Corrections, Respondents.
**No. 96-CV-414 (RSP/GJD).**

April 14, 1997.

Russell James Hierl, Binghamton, NY, Pro Se.

Robert G. Behnke, Broom County Attorney, Binghamton, NY, for Respondent DeAngelo; Barbara M. Westbrook, Sr. Assistant County Attorney, of counsel.

Dennis C. Vacco, Attorney General for the State of New York, Albany, NY, for Respondents; Darren O'Connor, Assistant Attorney General, of counsel.

*ORDER*

POOLER, District Judge.

**\*1** The above matter comes to me following a Report-Recommendation by Magistrate Judge Gustave J. Di Bianco, duly filed on the 20th day of March, 1997. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections filed by the parties herein. Respondent Geno DeAngelo filed timely objections. Dkt. No. 17.

Based on the information available in the record at that time, the magistrate judge recommended that I deny respondent DeAngelo's motion to dismiss the petition as moot because petitioner was in the custody of the Broome County Jail. Dkt. No. 15, at 2-3. However, when a copy of the report-recommendation was mailed to petitioner on or about March 20, 1997, it was returned to the clerk's office on March 27, 1997, as undeliverable at petitioner's last known address and marked "Return to Sender--Not in Custody." Dkt. No. 16. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.,* 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v, Walsh,* 1994 WL 9688, \*1 (S.D.N.Y.1994) (citations omitted).

Moreover, a petitioner has the duty to inform the court of any address changes. *Dansby v. Albany County Correctional Facility Staff,* 1996 WL 172699, (N.D.N.Y.1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York. Petitioner is no longer in the custody of the Broome County Jail, and he did not inform the court of his new address. My review of the record reveals that petitioner was aware of his obligation to keep the court informed of his address because he made such communications in the past. Dkt. Nos. 8, 14. In addition, respondent DeAngelo asserts in his objections that petitioner's current address is unknown. Dkt. No. 17, ¶ 4. Thus, petitioner failed to comply with a basic order of the court, and his action must be dismissed. Because the address of the petitioner is unknown, it is not possible to substitute a new custodian as respondent on the petition.

After careful review of all of the papers herein, including the magistrate judge's report-recommendation, it is

ORDERED, that:

1. The report-recommendation is hereby rejected.

2. The action is dismissed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1997 WL 204310 (N.D.N.Y.)
**(Cite as: 1997 WL 204310 (N.D.N.Y.))**

IT IS SO ORDERED.

REPORT-RECOMMENDATION

This matter was referred to the undersigned for report and recommendation by the Honorable Rosemary S. Pooler, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules N.D.N.Y. 72.3(c).

The instant habeas corpus action has been brought pursuant to 28 U.S.C. § 2254, challenging petitioner's conviction in the Broome County Court on October 7, 1991 for two counts of Burglary, Second Degree, as well as one count of Driving While Intoxicated. Petitioner received concurrent sentences of 3 to 6 years on the Burglary counts and 1 to 3 years on the Driving While Intoxicated count.

**\*2** When petitioner initially filed the petition, he was incarcerated in the Broome County Jail. Respondent Geno DeAngelo, Sheriff of Broome County, was the custodian. Petitioner also filed the petition against Philip Coombe, Commissioner of New York State Department of Correctional Services.

Presently before the court is a motion by respondent DeAngelo to dismiss the petition pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim (Docket # 12). Respondent DeAngelo argues that petitioner was transferred to the Tioga County Jail on April 24, 1996 and no longer is in the custody of respondent DeAngelo. Thus, respondent DeAngelo seeks dismissal of the petition against him for lack of custody.

Petitioner responds that although he was sent to the Tioga County Jail for a short period of time, he was returned to Broome County and was in custody at the Broome County Jail as of July 1, 1996. There are no subsequent changes of address filed by the petitioner.

Since petitioner is once again at the Broome County Jail, or at least appears to be at the Broome County Jail, this court cannot recommend dismissal based on the lack of custody of respondent DeAngelo. The court would also point out that the Attorney General of the State of New York has already filed an answer and memorandum of law in opposition to the petition (Docket # # 9, 10). Technically, the statute requires that the respondent in a habeas corpus petition be either the individual who actually has custody of petitioner or the Attorney General of the state wherein the conviction occurred. *See* 28 U.S.C. fol. § 2254, Rule 2. The Advisory Committee notes following Rule 2 indicate that there are various situations that can arise in a habeas action and explain who should be named as respondent for each situation. Advisory Committee Notes to Rule 2, Subdivision (b). If it is unclear who has custody of the petitioner, then the named respondent should be the Attorney General of the state wherein the criminal action occurred. Id. Subdivision (b)(3).

As stated above, since the petitioner appears to have returned to the Broome County Jail, respondent DeAngelo's motion to dismiss is essentially moot. If petitioner should again change custody, the new custodian may replace the original custodian as the respondent, or the Attorney General of the State of New York may be substituted as the respondent.

WHEREFORE, based on the above, it is hereby

RECOMMENDED, that respondent DeAngelo's motion to dismiss the petition (Docket # 12) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Not Reported in F.Supp., 1997 WL 204310 (N.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1997 WL 204310 (N.D.N.Y.)
**(Cite as: 1997 WL 204310 (N.D.N.Y.))**

• 6:96cv00414 (Docket) (Mar. 11, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.