Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1992 WL 368060 (D.Md.)
**(Cite as: 1992 WL 368060 (D.Md.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Maryland.
Warren David LEWIS, Petitioner,
v.
Lloyd L. WATERS, Warden, et al., Respondents.
**Civ. A. No. HAR 91-3298.**

Dec. 3, 1992.

MEMORANDUM OPINION

HARGROVE, District Judge.

*1 The Petitioner, Warren David Lewis, was charged in the Circuit Court for Baltimore County on February 25, 1991 with two counts of burglary, misdemeanor housebreaking, arson, and attempted arson. Under the Uniform Criminal Extradition Act, Lewis was subsequently transported from Virginia, where he was in custody, to Maryland. On April 17, 1991, prior to trial, Lewis filed in this Court a civil rights action pursuant to 42 U.S.C. § 1983 challenging the manner in which Virginia transferred custody to the Maryland authorities. By order dated April 30, 1991, this Court dismissed Lewis' § 1983 action without prejudice, finding that the action challenged the legality of his confinement and thus should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

On September 3, 1991, Lewis entered an *Alford* plea to one count of burglary in the Circuit Court for Baltimore County, and was sentenced to serve a six-month sentence. On September 11, 1991, Lewis filed a petition for writ of habeas corpus in the Circuit Court of Baltimore County raising the alleged illegality of his extradition from Virginia, and after a hearing on November 1, 1991 before the Honorable Joseph Murphy, the petition was denied. [FN1]

On November 20, 1991, Lewis filed the instant Petition for Writ of Habeas Corpus, raising two distinct challenges to his September 3, 1991 burglary conviction. First, as with his earlier § 1983 complaint and state habeas corpus petitions, Lewis claimed that the Uniform Criminal Extradition Act, enacted by both Virginia (Va.Code Ann. § 19.2-101) and Maryland (Md.Ann.Code, Art. 41, § 2-215) precluded Virginia from transferring custody until a period of 30 days of incarceration had expired. Because he was not "recommitted to [the Virginia] hold on or before the 30th day," Lewis contended that his Maryland sentence and imprisonment were illegal. Second, Lewis asserted for the first time that his Maryland trial violated a provision of the Intrastate Detainer Act (Md.Ann.Code, Art. 27, § 616S(b)) which requires a prisoner to be tried within 120 days after delivery of a "request for disposition." Because he allegedly requested a speedy trial on March 18, 1991 and was not tried until September 3, 1991, Lewis argued that his Maryland conviction and sentence were illegal. Neither of Lewis' contentions sought the monetary, declaratory or injunctive relief provided by 42 U.S.C. § 1983; nor did either contention allege that Maryland officials violated Lewis' federal rights.

On December 4, 1991, this Court issued to the Respondents an Order to Show Cause why a writ of habeas corpus should not be issued, and on April 27, 1992, Respondents filed their answer contending that Lewis's Petition should be dismissed because he had failed to apprise the Court or the Respondents of his current mailing address. Shortly thereafter, Lewis informed the Court that he was residing at 911 S. Charles Street, # 316, Baltimore, Maryland 21230 and therefore, Respondents' argument was deemed moot. On September 4, 1992, Respondents filed a Supplemental Answer responding to the procedural and substantive merits of Lewis' petition.

*2 In accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, this Court referred the case to Magistrate Judge James E. Kenkel for processing and disposition. In his October 20, 1992 Report and Recommendation, Magistrate Judge James E. Kenkel

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 368060 (D.Md.)
**(Cite as: 1992 WL 368060 (D.Md.))**

Page 2

urged the Court to construe Lewis' Petition for Writ of Habeas Corpus as a civil rights complaint under 42 U.S.C. § 1983. On November 5, 1992, Respondents filed Objections to the Report and Recommendation, but were unable to serve Lewis because he had again changed his mailing address without advising the Court. Based on Lewis' undisclosed change of address, on December 1, 1992, Respondents filed a Motion to Dismiss.

DISCUSSION

Lewis' most recent failure to advise the Court of his accurate, current address obviates the need for this Court to grapple with the legal intricacies raised by the interaction of habeas corpus and § 1983 relief. The Court notes that Local Rule 102(1)(b)(ii) of the Rules of the United States District Court for the District of Maryland provides that counsel and *pro se* litigants have a duty to maintain a current address with the Clerk of the Court. This obligation is continuing, "and if any *pro se* litigant fails to comply ..., the Court may enter an order dismissing any affirmative claims for relief." Lewis' failure to maintain a current address of record has deprived both the Court and the Respondents of the ability to communicate with him and to advise him of developments in his case. Consequently, his case will be dismissed without prejudice.

It will be appropriately so ordered.

ORDER

IT IS this third (3rd) day of December, 1992, by the United States District Court for the District of Maryland, ORDERED:

1. That the Court DECLINES to adopt Magistrate Judge Kenkel's Report and Recommendation;

2. That Respondents' Motion to Dismiss BE, and the same hereby IS, GRANTED;

2. That Petitioner's Complaint BE, and the same hereby IS, DISMISSED WITHOUT PREJUDICE, due to the Petitioner's failure to advise the Court of his new mailing address. Local Rule 102(1)(b)ii).

3. That the Clerk CLOSE this case;

4. That the Clerk of the Court MAIL copies of this Order to all counsel of record and United States Magistrate Judge James E. Kenkel.

> FN1. Lewis filed another habeas corpus petition in the Circuit Court for Baltimore County on November 11, 1991. The State moved to dismiss on the ground that the extradition claim had been finally litigated in the prior state habeas proceeding; on February 3, 1992, the Circuit Court dismissed this second petition.

Not Reported in F.Supp., 1992 WL 368060 (D.Md.)

**Motions, Pleadings and Filings (Back to top)**

• 1:91cv03298 (Docket)

(Nov. 20, 1991)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.