IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHESTER L. WOULARD,                      :
                                         :
              Petitioner,                :
                                         :
      v.                                 :   Civ. Act. No. 05-198-JJF
                                         :
CRAIG APKER, Warden, FCI                 :
Allenwood, and CARL C. DANBERG,          :
Attorney General of the State of         :
Delaware,                                :
                                         :
              Respondents.               :

_____

Chester L. Woulard.  Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the Delaware
Department of Justice, Wilmington, Delaware.  Attorney for
Respondent.

_____


**MEMORANDUM OPINION**




April 12, 2006
Wilmington, Delaware

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 ("Petition") filed by Petitioner Chester L. Woulard. (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition without prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In April 2004, Petitioner was arrested in Dallas, Texas, for federal supervised release violations. Petitioner was also charged on a Delaware state warrant for charges including second degree forgery and theft. Petitioner did not challenge extradition and he was returned to Delaware to answer the pending Delaware and federal charges.

On May 11, 2004, Petitioner was arrested and charged with various state offenses, including theft, identity theft, and second degree forgery. A preliminary hearing was scheduled for May 18, 2004, and bail was set in the amount of $65,000. In June 2004, the Delaware Superior Court issued an indictment charging Petitioner with nine counts of theft, identity theft, and second degree forgery.

On May 19, 2004, Petitioner was sentenced to one-year of incarceration in a federal institution for violating his federal supervised release. See U.S.A. v. Woulard, Crim. A. No. 03-44-JJF (D. Del. May 19, 2004). In June 2004, Petitioner was transported to F.C.I. Allenwood to serve the one-year sentence.

1

While incarcerated at F.C.I. Allenwood, Petitioner sent several inquiries to the Delaware Superior Court regarding his pending state charges. (D.I. 18, Del. Super. Ct. Crim. Dkt., at Entry No. 7.) On March 18, 2005, the Superior Court sent a letter to the attorney who represented Petitioner in the Superior Court in 2004, stating that Petitioner "must follow the procedures established by the Uniform Agreement on Detainers" in order to initiate proceedings in that court. Id. The attorney filed a conflict letter, and the Superior Court appointed a new attorney to represent Petitioner. Id. at Entry Nos. 8, 9. In April 2005, Petitioner filed a motion for new counsel, but the Superior Court denied that motion. Id. at Entry Nos. 11, 12.

Petitioner's pro se habeas Petition, dated February 15, 2005, was filed on April 6, 2005. (D.I. 2.) Petitioner also filed a letter with the Court, dated February 15, 2005, stating that he expected to be returned to Delaware's custody on or about April 3, 2005. (D.I. 3.)

Petitioner was released from F.C.I. Allenwood on April 1, 2005. See Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinder (last visited Apr. 4, 2006). Sometime between April 1, 2005 and May 25, 2005, Petitioner was mistakenly released from the Sheriff's office without posting the $65,000 bail that had been set in May 2004. Id. at Entry No. 13.

2

In October 2005, Respondents filed an Answer to the
Petition, contending that the Petition should be dismissed
without prejudice for failure to exhaust state remedies.
Respondents also stated that Petitioner's whereabouts are
unknown.  (D.I. 17.)

## II.  GOVERNING LEGAL PRINCIPLES

Habeas corpus relief is a post-conviction remedy.  See 28
U.S.C. § 2254(b).  However, a state prisoner can challenge his
pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. §
2241.  Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975);
Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484
(1973).  Although § 2241 does not explicitly require exhaustion,
judicial decisions have incorporated an exhaustion requirement as
part of the judicial review under § 2241.  See Braden, 410 U.S.
at 484-92;  Moore, 515 F.2d at 442.

When a petitioner's speedy trial claim is, in essence, an
attempt to  dismiss pending state charges and "abort a trial in
the state courts," granting habeas review would be allowing
premature litigation of constitutional defenses in federal
court.[1]  Braden, 410 U.S. at 493.  Consequently, federal habeas

---

[1]Indeed, it is even questionable whether a speedy trial
claim asking for the pre-trial dismissal of a state's criminal
charges is within the scope of relief permissible under § 2241.
Although § 2241 authorizes a federal court to grant a habeas writ
to a prisoner who is subjected to an unconstitutional detention,
it does not permit federal courts to sit as "'a pretrial motion
forum for state prisoners.'"  Moore, 515 F.2d at 445 (quoting

3

review is not available unless the petitioner has exhausted state remedies and makes "a special showing of the need for such adjudication," or demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust. <u>Moore</u>, 515 F.2d at 443-46; see <u>Braden</u>, 410 U.S. at 490-93.

## III.  DISCUSSION

Petitioner asserts three claims in his Petition: (1) the Delaware courts violated his speedy trial rights by ignoring his handwritten <u>pro</u> <u>se</u> motion requesting a trial within sixty days of the indictment; (2) the Delaware courts violated his speedy trial rights because he was not brought to trial within 180 days of his written requests as required by the Interstate Agreement on Detainers ("IAD"); and (3) he is entitled to a "complete dismissal of the indictment and charges."

As an initial matter, the Court notes that Petitioner, apparently a fugitive, may have forfeited his right to habeas relief for his speedy trial claims under the fugitive disentitlement doctrine. <u>See</u>, e.g., <u>Crawford v. Varner</u>, 2002 WL 229898, at *2 (3d Cir. 1989). Respondents, however, have not raised the issue of forfeiture, and therefore, the Court will dismiss the Petition without prejudice.

<u>Braden</u>, 410 U.S. at 493). However, this Court follows the Third Circuit's analysis in <u>Moore</u> where, after discussing the Supreme Court's warning against such pretrial motions, it proceeded to discuss exhaustion and the "extraordinary circumstances" exception to exhaustion.

Petitioner requests a "complete dismissal of the indictment and charges." (D.I. 2.) Therefore, the Court concludes he is trying to abort a pending state proceeding, and federal habeas review will be unavailable unless Petitioner exhausted state remedies or he demonstrates "extraordinary circumstances" permitting habeas relief prior to state exhaustion.

A review of the record reveals that Petitioner has not exhausted state remedies because he did not present his speedy trial requests to the Superior Court in the proper procedural manner. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(holding that a petitioner does not exhaust state remedies by presenting a claim to the state courts in an improper procedural fashion). First, Delaware Superior Court Criminal Rule 47 requires "[a] motion other than one made during a trial or hearing [to be] in writing unless the court permits it to be made orally." Consequently, Petitioner's verbal request to the "transporting U.S. Marshals and M.P.C.J.F. Prison Officials" to have the state courts hear his pending charges did not constitute the proper procedure for presenting a speedy trial motion to the Delaware state courts. Second, even though Petitioner submitted written inquiries to the Superior Court about his pending state charges, the Superior Court did not view the inquiries as triggering the 180-day time limit under Delaware's Uniform

Agreement on Detainers[2] ("UAD") because the inquiries were not submitted in compliance with established UAD procedures. (D.I. 18, Del. Super. Ct. Crim. Dkt., at Entry. No. 7.); see, e.g, United States v. Dent, 149 F.3d 180, 186 (3d Cir. 1998)(explaining that "invocation of Article III's 180-day time limit generally requires strict compliance with the Article's requirements"); State v. Farrow, 2005 WL 1653992, at *1-2 (Del. Super. Ct. June 3, 2005)(explaining that strict compliance with the requirements contained in Delaware's UAD (Del. Code Ann. tit. 11, §§ 2540-2550) is required to trigger the 180-day time limit).

Further, Petitioner has not demonstrated any extraordinary circumstances excusing his failure to exhaust state remedies. Accordingly, the Court will dismiss Petitioner's § 2241 petition without prejudice for failure to exhaust state remedies.[3] See Moore, 515 F.2d at 445-46.

**IV.  CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition (or a § 2241 petition), the court must also decide

---

[2]Delaware entered into the Interstate Agreement on Detainers when the General Assembly enacted the "Uniform Agreement on Detainers" into law in 1969.  See State v. Davis, 1993 WL 138993, at *2 (Del. Apr. 7. 1993).

[3]Dismissing Petitioner's habeas Petition at this time will not preclude future federal habeas review; rather, it "merely delays [habeas] consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" Neville v. Cavanagh, 611 F.2d 673, 676 (7th Cir. 1979)(citation omitted).

whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that the Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 must be dismissed without prejudice.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 will be denied

without prejudice.

An appropriate Order will be entered.